### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

LIBERTY INSURANCE CORP.,

      Plaintiff,

                        Case No. 13-13784

v.                      Hon. Terrence G. Berg

GLENN BOWLES and
KYLE VALENTINE,

      Defendants.

_____/

### OPINION AND ORDER GRANTING PLAINTIFF'S
### MOTION FOR JUDGMENT ON THE PLEADINGS

This case is a declaratory judgment action arising out of a homeowner's insurance policy. Plaintiff Liberty Insurance Corporation ("Liberty") is seeking a declaration of its rights under the terms of a policy held by its insured, Defendant Glenn Bowles. Specifically, Liberty is asking the Court to declare that it has no duty to defend or indemnify Bowles in a state court action where he is being sued by his former romantic partner, Defendant Kyle Valentine, for "negligence" and, in the alternative, assault and battery.

For the reasons discussed below, judgment on the pleadings is appropriate in this case; accordingly, Plaintiff's Motion for Judgment on the Pleadings is GRANTED.

### I.      BACKGROUND AND PROCEDURAL HISTORY

The present insurance coverage dispute relates to an underlying state court action between the defendants in this case, Kyle Valentine and Glenn Bowles. In a

complaint filed in the Macomb County Circuit Court, Valentine alleges that on or around September 7, 2010, Defendant Bowles "engaged in activity with [Defendant Valentine] that resulted in severe and grievous injuries [to Valentine]," and that the alleged "activity" was in the nature of either negligence or assault and battery. Although Count I of the complaint sets forth of a theory of "negligence," the complaint goes on to allege the following facts in an alternative Count II:

16.   That on or about September 7, 2010, after [Valentine] and [Bowles] awoke from having spent the night cohabitating, as defendant prepared for work, [Valentine] noted on [Bowles'] cell phone that [Bowles] was continuing to communicate with another woman, despite [Valentine's] many earlier pleas that he discontinue the relationship with the other woman.

17.   [Valentine] then confronted [Bowles] with the information she had found on his cell phone.

18.   In response, [Bowles] lost his composure, began yelling, and then – by example but not limitation:

   a.   Forcefully slammed [Valentine] up against the wall;

   b.   Struck [Valentine] in the head with his hand and fist;

   c.   Grabbed [Valentine's] head and repeatedly slammed [Valentine's] head into the wall;

   d.   Grabbed [Valentine's] hair, and with all the force he could muster, forced her to the floor by pulling her hair / head down;

2

e.  Once [Valentine] was on the floor, setting 'indian style', [Bowles] grabbed [Valentine's] head and, without warning, pushed her head forward down to the floor, in an unnatural position.

f.  Despite [Valentine's] screams and pleas that he stop, [Bowles] continued forcing [Valentine's] head to the floor until his uncontrolled rage subsided; [and]

g.  Blamed [Valentine] for making him angry and losing control.

…

24.  That [Valentine] did not want, ask for, or invite the malicious and brutal beating knowingly and willfully inflicted upon her by [Bowles].

Dkt. 20, Ex. C, First Am. Compl., Macomb Cnty. Civ. Action No. 13-2159, ¶¶ 16-18, 24.

Prior to the date of the alleged incident, Bowles had obtained a Homeowners Insurance Policy from Liberty, No. H37-248-350670-400 2 (the "Policy"), which provided coverage, under certain circumstances, for accidents occurring at Bowles' home, 43755 Dunham Ct., Clinton Township, MI 48038.  The Policy was in effect at the time of the alleged incident, and the alleged incident was suggested to have occurred at the covered address.

Pursuant to the Policy, Liberty agreed to defend Bowles, as it had in a prior iteration of the Defendants' state-court action (i.e., Macomb County Civil Action No. 11-1971), subject to a written reservation of rights.  *See* Dkt. 15, Ex. 2, 3, and 8.

Then, on September 5, 2013, Liberty filed the instant suit, seeking a declaration that it does not have a duty to provide coverage or defend Bowles in the underlying state court action.

On November 13, 2013, Defendant Bowles filed a Motion to Dismiss (Dkt. 13) pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), asking the Court to decline to exercise jurisdiction over this case. That motion was fully briefed and on January 13, 2014, the Court heard oral argument. At the conclusion of the hearing, the Court denied Defendant Bowles' motion and informed the parties that it intended to construe Plaintiff's response to the motion (Dkt. 15) as a cross-motion for judgment on the pleadings, and Defendant Bowles' reply (Dkt. 16) as a response to that motion. The Court subsequently set forth a briefing schedule, allowing both parties time to file supplemental briefs. Having thoroughly reviewed and considered the parties' papers, the Court will now determine the pending motion without additional argument.

## II.    ANALYSIS

As stated above, the Court construed Plaintiff's response to Bowles' motion to dismiss as being a request for judgment on the pleadings. "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. A motion brought pursuant to Rule 12(c) is appropriately granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Coyer*

*v. HSBC Mort. Servs., Inc.*, 701 F.3d 1104, 1107-08 (6th Cir. 2012) (citation and internal quotation marks omitted).

Defendants assert that judgment on the pleadings is unwarranted because there are factual issues in need of resolution. The Court finds that the material facts pertaining to this action are not in dispute and that the only question before the Court is purely legal: is Liberty obligated to provide Bowles with a defense (or otherwise provide insurance coverage) in the state-court action now pending between Bowles and Valentine? Considering the language of the Policy at issue, and having reviewed the law of the state of Michigan on this question, the Court concludes that there is no such duty to defend.

> Under Michigan law,
>
> The duty of the insurer to defend the insured depends upon the allegations in the complaint of the third party in his action against the insured. This duty is not limited to meritorious suits and may even extend to actions which are groundless, false or fraudulent, so long as the allegations against the insured even arguably come within the policy coverage. An insurer has a duty to defend, despite theories of liability asserted against any insured which are not covered under the policy, if there are any theories of recovery that fall within the policy. The duty to defend cannot be limited by the precise language of the pleadings. *The insurer has the duty to look behind the third party's allegations to analyze whether coverage is possible.* In a case of doubt as to whether or not the complaint against the insured alleges a liability of the insurer under the policy, the doubt must be resolved in the insured's favor.

*Smorch v. Auto Club Group Ins. Co.*, 445 N.W.2d 192, 193 (Mich. Ct. App. 1989) (internal citations omitted) (emphasis added).

Here, the terms of the Policy provide insurance coverage in the event that "a claim is made or a suit is brought against an 'insured' for damages because of

'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies." Dkt. 1, Ex. B, p. 11. Further, the Policy defines the term "occurrence" as meaning "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in: a. 'Bodily injury'; or b. 'Property damage.'" *Id.* at p. 1. Although undefined by the Policy, the term "accident" has been defined by Michigan courts as meaning "'an undesigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected.'" *Hawkeye-Security Ins. Co. v. Vector Constr. Co.*, 460 N.W.2d 329 (1990) (quoting *Guerdon Industries, Inc. v. Fidelity & Cas. Co. of New York*, 371 Mich. 12, 18-19; 123 N.W.2d 143 (1963) (quoting 10 Couch on Insurance (2d ed) § 41:6, p. 27)).

Bowles' chief argument in favor of coverage is that the underlying state court action outlines two separate, alternative theories as to what happened on September 7, 2010, one of which is negligence, and that a claim of negligence could form the basis of an insurable occurrence. Although it is possible to plead alternative legal theories, Bowles' argument for coverage is only viable if the Court is willing to entertain wholly inconsistent sets of alternative facts. Either something happened between Defendants at Bowles' home on September 7, 2010, or it did not. If nothing happened, then there would be no "occurrence" to trigger coverage in the first place. But, if something did happen, the only *facts* available to the Court are those set forth in paragraphs 16-18 of the First Amended Complaint in the underlying state court action. Accepting those facts as true, there would still

6

be no "occurrence" under the terms of the Policy, as there is nothing "accidental" (nor negligent) about what is alleged to have occurred on September 7, 2010.  The complaint alleges that Bowles intentionally assaulted Valentine in their bedroom by repeatedly slamming her against the wall, hitting her head with his fist, pulling her hair, and forcing her down until her head was against the floor.  Domestic violence is never an accident; physical abuse is not the negligent breach of one's duty of care, but rather intentional conduct, intended to cause harm.

Bowles also attempts to rely upon the Policy's exception to the "expected or intended injury" exclusion, for "'bodily injury' resulting from the use of reasonable force to protect persons or property" (Dkt. 20, Ex. B, p. 2), asserting that any injuries sustained by Valentine were the result of Bowles' engaging in self-defense. Setting aside the fact that it is intellectually dishonest to both claim that nothing happened, and then insist that anything which *might* have happened was purely the result of "self-defense," there is no self-defense exception to the Policy's "sexual molestation, corporal punishment, or physical or mental abuse" exclusion.[1]  Even assuming for the sake of argument that there was an insurable "occurrence," this exclusion would still preclude coverage.  *See Mount Vernon Fire Ins. Co. v. Hicks*, 910 F. Supp. 316, 322 (E.D. Mich. 1995) (Gadola, J.).

This case is nothing more than "a transparent attempt to trigger insurance coverage by characterizing allegations of tortious conduct under the guise of 'negligent' activities." *Smorch*, 445 N.W.2d at 193 (citing *Aetna Casualty & Surety*

---

[1] The incident between Bowles and Valentine, as alleged in the complaint, was clearly a domestic dispute that involved physical abuse.  This exclusion precludes coverage regardless of whether Bowles should claim that Valentine "started the fight."

*Co. v. Sprague,* 163 Mich. App. 650, 654, 415 N.W.2d 230 (1987)).  In circumstances such as this, Michigan law is clear that there is no duty to defend.  *Id.*; *see also Mount Vernon Fire,* 910 F. Supp. at 322; *Auto Club Group Ins. Co. v. Burchell*, 642 N.W.2d 406 (Mich. Ct. App. 2001); and *Century Mutual Ins. Co. v. Paddock,* 425 N.W.2d 214 (Mich. Ct. App. 1988).  Accordingly, Plaintiff does not have a duty to defend Bowles in Macomb County Civil Action No. 13-2159.  Likewise, because "the duty to defend is broader than the duty to indemnify," *American Bumper & Mfg. Co. v. Hartford Fire Ins. Co.*, 452 Mich. 440, 450; 550 N.W.2d 475 (1996), Plaintiff shall not be responsible for indemnifying Defendant Bowles in the unlikely event that Defendant Valentine prevails against him on her negligence theory.

## III.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**.

**SO ORDERED**.

Dated:  July 30, 2014                          s/Terrence G. Berg
                                              TERRENCE G. BERG
                                              UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on July 30, 2014, using the CM/ECF system, which will send notification to the parties.

                                              s/A. Chubb
                                              Case Manager